**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 06-CR-20220

v.

HONORABLE DENISE PAGE HOOD

LEONARD HUMES

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO**
**MODIFY CONDITIONS OF SUPERVISED RELEASE**

**I.    INTRODUCTION**

This matter is before the Court on Defendant's Motion to Modify Conditions of Supervised Release [Dkt. #11, filed November 30, 2007]. The Government has not filed a response. A hearing on the Motion was held on January 10, 2008.

**II.    FACTS**

On July 26, 2006, Defendant plead guilty to Bank Fraud, in violation of 18 U.S.C. § 1344. On December 14, 2006, Defendant was sentenced to one day of imprisonment and four years of supervised release. Regarding his supervised release, the Sentencing Judgment specifically provided that:

> The Defendant shall serve the first twelve (12) months of his supervised release period at the Community Corrections Center. . . . During the Defendant's stay at the Community Corrections Center, he shall be allowed to maintain his employment and to take care of his grandmother.

(Sentencing Judgment, at 4.) Defendant entered the Community Corrections Center on March 9, 2007 and is scheduled to be released from the facility on March 8, 2008. Defendant alleges that since his incarceration at the Community Corrections Center, he has been gainfully employed and that he has been caring for his grandmothers.[1] (Mot., at 2.) Defendant further alleges that his grandmothers now require "more care and assistance." (*Id.*) As a result, Defendant moves the Court to modify the terms of his supervised release and permit him to be placed in the Home Confinement Program. In the Alternative, Defendant moves the Court to set other conditions that would permit him to spend additional time with his grandmothers to attend to their care.

At the hearing, Defendant indicated that the Community Corrections Center had been permitting him to transport his paternal grandmother for dialysis treatments until her recent placement in Harper Hospital on Thursday, January 3, 2008. Since Defendant's paternal grandmother has been hospitalized, Defendant has been permitted to visit with her on two occasions. At the hearing, Defendant also indicated that he has not been permitted to visit and care for his maternal grandmother.

---

[1] Although the Sentencing Judgment employs the singular term "grandmother," Defendant's Motion employs the plural term "grandmothers" in his Motion.

## III. STANDARD OF REVIEW & APPLICABLE LAW

A district court has discretion to modify a defendant's conditions of supervised release. 18 U.S.C. § 3583(e)(2); *United States v. Johnson*, 529 U.S. 53, 60 (2000). Section 3583(e)(2) provides in pertinent part:

> (e) **Modification of conditions or revocation.**–The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)–
> . . .
> (2) extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision[.]

18 U.S.C. § 3583(e)(2). The section 3553(a) factors to be considered include the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to be imposed; the type of sentence and the applicable sentencing range; any pertinent policy statement; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to any victims. 18 U.S.C. § 3553(a).

## IV. CONCLUSION

In light of the section 3553(a) factors and for the reasons stated on the record,

IT IS ORDERED that Defendant's Motion to Modify Conditions of Supervised Release [Dkt. #11, filed November 30, 2007] is **DENIED WITHOUT PREJUDICE**.

IT IS FURTHER ORDERED that the Probation Department contact the Community

Corrections Center to ensure that Defendant receives liberal visitation with his paternal grandmother. IT IS FURTHER ORDERED that the Probation Department contact the Community Corrections Center to ensure that Defendant is permitted to visit and care for his maternal grandmother, to the extent that Defendant's assistance with her care is required.

The Court requests that the Probation Department inform the Court of the Community Corrections Center's conformance with this Order. The Probation Department shall provide this information to the Court no later than the end of business on Monday, January 14, 2008.

                                                  s/ DENISE PAGE HOOD
                                                  DENISE PAGE HOOD
                                                  United States District Judge

DATED:      January 14, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 14, 2008, by electronic and/or ordinary mail.

                                                  S/William F. Lewis
                                                  Case Manager